(93 South. 507)

## BROWDER v. CITY OF MONTGOMERY et al. (3 Div. 576.)

(Supreme Court of Alabama. May 25, 1922.)

Municipal corporations ⚌916—Ordinance authorizing bond issue in excess of debt limit to improve and equip public schools void, under Constitution limiting such issue to construction.

An ordinance authorizing municipal bond issue in excess of legal indebtedness to extend, or repair and for equipping the public schools, *held* void under Const. 1901, § 225, excepting from its debt limit the issue of bonds for the purpose of acquiring, providing, or constructing public schools.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by W. M. Browder, Jr., against the City of Montgomery and others. From a decree denying temporary injunction and sustaining demurrers to the bill, complainant appeals. Reversed and rendered.

The complainant files his bill as a taxpayer, alleging that the board of commissioners of the city of Montgomery adopted an ordinance providing for an election to be held by the qualified electors of the said city for the purpose of voting upon the question whether additional bonds of the city should be issued in the sum of $1,000,000 "for extending, enlarging, improving, or repairing and for equipping -and furnishing public schools of said city of Montgomery"; that such election was held, and a majority of the electors voted in favor of said bond issue; that thereafter said board of city commissioners adopted an ordinance providing for the issuance of such bonds. The bill further alleges that the city of Montgomery has a population of more than 40,000 and less than 45,000 inhabitants; that the assessed valuation of property therein for the year 1922 is $32,467,649; that 7 per cent. of this amount is $2,273,738.58; that the present indebtedness of said city, not including temporary loans and bonds already issued for schoolhouses, waterworks, sewers, and street or sidewalk improvement, etc., is $2,050,000; that the issue and sale of $1,000,-000 of bonds under the ordinance in question will bring the indebtedness of said city up to $3,050,000, which would be in excess of the debt limit prescribed by section 225 of the Constitution of Alabama. The bill further alleges that the bonds proposed to be issued are not bonds issued for the purpose of acquiring, providing, or constructing schoolhouses, and are not therefore within the exception to said debt limit in section 225 of the Constitution. The prayer is for injunction to restrain the issuance and sale of said proposed bonds.

J. Paul Jones, of Montgomery, for appellant.

The proposed bond issue would exceed the debt limit provided in section 225 of the Constitution of Alabama of 1901. The proposed bond issue is not within the exception contained in section 225 of the Constitution, and is therefore null and void.

Ludlow Elmore and C. P. McIntyre, both of Montgomery, for appellees.

The word "acquiring," as used in the exception in section 227 of the Constitution comprehends extending, enlarging, improving, or repairing and equipping and furnishing a house which the city may already own for a public school. 6 Words & Phrases, 5747; 3 Words & Phrases, Second Series, 1316.

ANDERSON, C. J. This appeal involves the validity vel non of a million dollar bond issue by the city of Montgomery. It is conceded by both sides that the said bond issue exceeds the constitutional debt limit and is void, unless within the excepted class set out in section 225 of the Constitution of 1901. This section, in providing the limitation as to the amount of indebtedness, that may be incurred by cities of the class to which Montgomery belongs, excepts from the debt limit certain classes of indebtedness including—

"bonds or other obligations already incurred, or which may hereafter be issued for the purpose of *acquiring, providing,* or *constructing schoolhouses,* waterworks and sewers." (Italics supplied.)

The ordinance providing for the issue in question says—

"for extending, enlarging, improving, or repairing and for equipping and furnishing public schools of said city of Montgomery."

The exception above quoted relates to schoolhouses alone and the cost of acquiring, providing, or constructing same, and is no doubt broad enough to cover the equipment

and repair of same, but it, in no sense, authorizes the furnishing or maintenance of schools, as distinguished from the place in which they are to be taught or conducted. The ordinance is much broader than the exception as the former would permit or authorize the use of the fund for furnishing schools for the city, including the cost of maintenance and which would embrace teachers' salaries and other current expenses essential to "furnishing schools" and is not confined to furnishing schoolhouses. There is a broad distinction between furnishing schools and in furnishing the place in which they are to be taught or conducted, and this constitutional exception applies to the latter and not the former. The bond issue in question is not entirely covered by the exception above quoted, and therefore exceeds the debt limit as fixed by section 225 of the Constitution.

The trial court erred in sustaining the demurrer to the bill of complaint, and the decree is reversed, and one is here rendered overruling said demurrer.

Reversed and rendered.

All Justices concur.